

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,480-01

### EX PARTE LAWRENCE ANTHONY KOSS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W-1341780-S (A) IN THE 195TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to the offense of injury to a child, and was sentenced to imprisonment for forty years.

On February 13, 2019, this Court remanded this matter to the trial court for affidavits and findings regarding Applicant's claim that he received ineffective assistance of trial counsel. Applicant alleges that his trial counsel was ineffective for failing to object or request a continuance when the State introduced a Community Supervision and Corrections Department Comprehensive Assessment and Treatment Services Report (a "CATS" report) that it received on the second day of

the punishment hearing. The CATS report, prepared by a licensed professional counselor who had interviewed Applicant, apparently contained some favorable information regarding Applicant's likelihood of complying with terms of community supervision and his low risk of re-offending. However, the report also apparently contained information regarding "a pattern of animal cruelty from childhood to the present" and a report by Applicant that he "thought about knocking some boxes over in the shipping department to kill a man who had been sexually harassing a friend." In addition, the report indicated that Applicant reported having been treated by a psychologist for many years and having been diagnosed with Attention Deficit Hyperactivity Disorder. The licensed professional counsel apparently stated her opinion that Applicant's behavior was more consistent with a diagnosis of Conduct Disorder "that ripened into antisocial personality disorder in adulthood" than with a diagnosis of Attention Deficit Hyperactivity Disorder.

Applicant alleges that trial counsel should have objected and moved for a continuance so that the information contained in the CATS report could be investigated. In addition, Applicant alleges that the defense could have brought the licensed professional counselor into court and questioned her regarding her qualifications to make the statements regarding Applicant's possible diagnosis. Applicant also alleges that trial counsel was ineffective for failing to present evidence of his mental health history and diagnosis at the punishment hearing. Even if Applicant did not tell trial counsel about his mental health history before the punishment hearing, the information contained in the CATS report should have put trial counsel on notice that there might be issues regarding Applicant's mental health history.

On remand, Applicant's trial counsel submitted an affidavit in which he stated only that his usual practice is to "investigate any issues" and to defend his client "according to his or her decisions on how to proceed in his or her particular case." Trial counsel stated that he has no reason to believe

that he deviated from his usual practice in this case. Trial counsel's affidavit does not respond specifically to any of Applicant's allegations.

The trial court has entered findings of fact and conclusions of law, describing a number of possible strategic reasons why trial counsel may not have objected to the introduction of the CATS report, and why he may not have wanted to call the licensed professional counselor to testify. The trial court's findings with regard to trial counsel's possible rationales are not supported by the record.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond more specifically to Applicant's claims of ineffective assistance of counsel. Trial counsel shall state whether he was aware of Applicant's mental health history and diagnosis, and if so, whether he considered introducing evidence of Applicant's mental health history in mitigation of punishment. Trial counsel shall state when the CATS report was first produced by the State, and whether trial counsel had an opportunity to review the report with Applicant. Trial counsel shall state whether he believed that the CATS report contained information that was favorable or unfavorable to the defense, or both. Trial counsel shall state why he did not request a continuance in order to investigate the contents of the CATS report and in order to investigate the qualifications of the author of the report. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall first supplement the habeas record with a copy of the CATS report and a transcript of the punishment proceedings in this case. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 3, 2019
Do not publish